Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✗
JS-2/JS-3 ____
Scan Only ____

FILED
CLERK, U.S DISTRICT COURT
MAR 2 3 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8

ENTERED
CLERK, U.S. DISTRICT COURT
MAR 2 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9        UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11              WESTERN DIVISION

12

13   PERFECT 10, INC.,              )   CASE NO.: CV 04-9098 ABC (SSx)
                                     )
14              Plaintiff           )
                                     )   ORDER RE: DEFENDANT'S MOTION TO
15      v.                           )   DISMISS FOR LACK OF PERSONAL
                                     )   JURISDICTION
16   ARLO GILBERT, an individual;   )
     and DOES 1 through 10,          )
17   inclusive,                      )
                                     )
18              Defendants.          )
                                     )
19   _____ )

20

21       Arlo Gilbert ("Defendant") filed the above-referenced motion on

22   March 4, 2005.  The Court finds the matter appropriate for submission

23   without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

24   Accordingly, the scheduled hearing date of March 28, 2005 is VACATED.

25   After consideration of the materials submitted by the parties and the

26   case file, it is hereby ORDERED that Defendant's motion to dismiss is

27   DENIED.

28

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

17

1 | **I.   FACTUAL AND PROCEDURAL BACKGROUND**

2 | Perfect 10, Inc. ("Plaintiff") produces, publishes, and

3 | distributes photographs, films, video productions, and other works

4 | through its website at www.perfect10.com.  See Complaint ¶¶ 12-13.

5 | Plaintiff employs models for its photographs and other arts and owns

6 | the legal rights to its models' likenesses and names.  See id. ¶ 14.

7 | Defendant creates websites that offer Internet users access to

8 | adult photographs to Internet users on a subscribe-and-pay plan.  See

9 | Complaint ¶ 6.  Defendant does business in California and filed

10 | fictitious registrations of ownership of the domain names

11 | www.badstars.com and www.exposedcelebrity.com, which both resolve to

12 | www.celebrityplugin.com.  See id. ¶¶ 5, 7, 10.  Defendant allegedly

13 | copied Plaintiff's copyrighted works and offered them for sale on his

14 | websites without authorization.  See id. ¶ 15.  According to

15 | Plaintiff, Defendant has either sold or offered to sell infringing

16 | photographs over the Internet to California residents, in addition to

17 | web users throughout the country.  See id.  Defendant receives revenue

18 | from Internet users, including in California, who provide a credit

19 | card number (processed by Paycom Billing Services) before being

20 | granted access to the adult photographs.  See Declaration of Norman

21 | Zada ("Zada Decl.") ¶ 14 and Ex. 10.  Users may also establish

22 | membership on Defendant's websites through "Porn Multi Pass" accounts.

23 | See Zada Decl., Ex. 10.

24 | On November 3, 2004, Plaintiff filed a complaint alleging claims

25 | of direct copyright infringement, contributory copyright infringement,

26 | and violation of right of publicity.  Defendant filed the instant

27 | motion to dismiss for lack of personal jurisdiction on March 4, 2005.

28 | On March 14, 2005, Plaintiff opposed the motion, to which Defendant

1   replied on March 21, 2005.

2   ## II. LEGAL STANDARD

3       The plaintiff bears the burden of establishing jurisdiction. See

4   Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).

5   Absent formal discovery or an evidentiary hearing, the plaintiff need

6   establish only a prima facie showing that personal jurisdiction exists

7   to survive a motion to dismiss for lack of jurisdiction. See Fields

8   v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986);

9   Ziegler, 54 F.3d at 473. "Prima facie" showing means that the

10  plaintiff has demonstrated facts that if true would support a finding

11  of jurisdiction. Data Disc, Inc. v. Systems Technology Associates,

12  Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); Ballard v. Savage, 65 F.2d

13  1495, 1498 (9th Cir. 1995). In determining whether a plaintiff has

14  met this burden, uncontroverted allegations in the complaint "must be

15  taken as true, and 'conflicts between the facts contained in the

16  parties' affidavits must be resolved in [the plaintiff's] favor . . .

17  ." AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th

18  Cir. 1996) (citing WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir.

19  1989)).

20      Where there is no applicable federal statute governing personal

21  jurisdiction, the Court must apply the law of the state in which the

22  Court sits. See Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482,

23  1484 (9th Cir. 1993). California's long-arm statute permits a court

24  to exercise personal jurisdiction over a defendant to the extent

25  permitted by the Due Process Clause of the Constitution. See Cal.

26  Code Civ. P. § 410.10; Gordy v. Daily News, L.P., 95 F.3d 829, 831

27  (9th Cir. 1996). Due process requires only that the nonresident

28  defendant "'have certain minimum contacts'" with the forum state such

3

that the maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d 555, 559 (9th Cir. 1995) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)). The defendant's "conduct and connection with the forum state" must be such that defendant "should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen v. Woodson</u>, 444 U.S. 286, 297 (1980).

There are two recognized bases for personal jurisdiction over a non-resident defendant: (1) "general jurisdiction," which arises when a non-resident defendant's activities within the forum state are so "substantial" or "continuous and systematic" as to justify the exercise of jurisdiction over the defendant in all matters; and (2) "specific jurisdiction," which arises out of the defendant's contacts with the forum giving rise to the subject litigation. <u>Helicopteros Nacionales de Columbia S.A. v. Hall</u>, 466 U.S. 408, 414-16 (1984).

### III.  DISCUSSION

Defendant contends that he lacks sufficient minimum contacts with California to establish personal jurisdiction in this Court because he (1) does not reside in California; (2) has not conducted business in California; (3) does not own real or personal property in California; and (4) is not the officer or director of any California company. Defendant argues that he did not purposefully direct his activities to California. Moreover, assuming he has any contacts with California, Defendant claims that Plaintiff's causes of actions against Defendant do not arise from those contacts, but from his corporation's activities. Finally, Defendant submits that subjecting him to personal jurisdiction in this case would be unreasonable.

Plaintiff opposes on the grounds that Defendant, as President of

4

1 the corporation Click Feel Media, Inc., has minimum contacts with

2 California.  Specifically, Plaintiff asserts that Defendant is the

3 true owner of the infringing websites and that whether Defendant

4 possessed knowledge of the infringements is a question of fact

5 irrelevant to the instant motion to dismiss.  Moreover, Plaintiff

6 contends that there are sufficient minimum contacts to subject

7 Defendant to personal jurisdiction in California because (1) Defendant

8 receives revenue from subscribers downloading infringing material in

9 California; and (2) the infringing website has a contractual

10 relationship with a California billing company that processes payments

11 for Defendant.

12     The Court finds that Defendant has sufficient minimum contacts

13 with California to subject him to personal jurisdiction, as Defendant

14 owns and operates commercial websites that purposely seek out and

15 derive revenue from California residents.  Moreover, in deciding the

16 instant motion to dismiss, the Court must assume as true Plaintiff's

17 allegations that Defendant filed registrations under false information

18 and is the true owner and operator of the alleged infringing websites.

19 See Compagnie Bruxelles Lambert, 94 F.3d at 588.  Accordingly,

20 although Defendant contests such assertions, the parties' conflicting

21 allegations regarding the true ownership of the infringing websites

22 must be resolved in favor of Plaintiff for purposes of the instant

23 motion.[1]  See id.  The Court discusses the two bases for personal

24 jurisdiction over a non-resident defendant, namely general and

25 specific jurisdiction, below.

26

27 _____

28      [1]  It is unclear to the Court why Plaintiff has not also
named Click Feel Media, Inc. as a defendant in this action.

## A.    General Jurisdiction

"General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" Panavision International, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984)). Factors that courts may consider in determining whether general jurisdiction exists include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta National Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is "fairly high." Id. (quoting Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)). Indeed, the plaintiff cannot meet its burden to establish general jurisdiction unless it shows that the defendant's contacts are the type that approximate physical presence. See id.

Here, Defendant's activities in California are insufficient to subject Defendant to general jurisdiction.[2] Plaintiff has failed to demonstrate that Defendant's Internet activities in California are substantial, continuous, and systematic or that Defendant's activities approximate physical presence in California. Moreover, Defendant has taken none of the steps that traditionally give rise to general jurisdiction, such as designating an agent for service of process or incorporating in California. Accordingly, Defendant is not subject to general jurisdiction.

---

[2] Plaintiff appears to concede that the Court does not have general jurisdiction, as it fails to address the issue in its opposition.

**B.    Specific Jurisdiction**

Specific jurisdiction is proper when the case arises out of "certain forum-related acts." <u>Bancroft</u>, 223 F.3d at 1086. The Ninth Circuit evaluates three factors to determine whether specific jurisdiction exists. First, the defendant must perform some act by which he purposefully avails himself to the benefits and protections of the forum's laws. Second, the plaintiff's cause of action must arise out of or result from the defendant's forum-related activities. Finally, the exercise of jurisdiction must be reasonable under the circumstances of the given case. <u>See</u> <u>Ochoa v. J.B. Martin & Sons Farms, Inc.</u>, 287 F.3d 1182, 1188-89 (9th Cir. 2002) (citation omitted).

**1.    Purposeful Availment**

Purposeful availment requires a finding that the defendant "[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 924 (9th Cir. 2001) (citing <u>Sher v. Johnson</u>, 911 F.2d 1357, 1362 (9th Cir. 1990). The purposeful availment requirement protects a nonresident from being haled into a jurisdiction solely because of "'random,' 'fortuitous' or 'attenuated' contacts" over which he has no control. <u>Terracom v. Valley Nat. Bank</u>, 49 F.3d 555, 560 (9th Cir. 1995) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)). The defendant's activities, however, need not physically take place in the forum state to show purposeful availment. <u>See</u> <u>Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.</u>, 784 F.2d 1392, 1397 (9th Cir. 1986).

For purposes of analyzing purposeful availment, courts generally catagorize websites into three different types: actively commercial,

passive, and interactive.  See Cybersell, Inc. v. Cybersell, Inc., 130
F.3d 414, 417-19 (9th Cir. 1997).  When a defendant sells products or
conducts business through a website, he has purposefully availed
himself to any state in which he offers to sell products or do
business.  See, e.g., Stomp v. Neato, LLC., 61 F. Supp. 2d 1074, 1078-
79 (C.D. Cal. 1999); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.
Supp. 1119, 1124-26 (W.D. Penn. 1997) (finding purposeful availment
where defendant contracted through website with thousands of
individuals in forum state because a company conducting business over
the Internet should expect to be called into court in states in which
it does business).  In Stomp, for example, the court found purposeful
availment where a Connecticut corporation maintained a website through
which it marketed and sold its goods to California residents.  Stomp,
61 F. Supp. 2d at 1087.  Although the actual number of California
sales were small, the court concluded that the quality of the contacts
with the forum state rendered jurisdiction proper.  See id.

     In contrast, a defendant does not purposefully avail himself to a
forum state's protections and benefits by maintaining a passive
website that merely informs users about the defendant company's
services.  See, e.g., Cybersell, 130 F.3d at 419-20; New Tech
Stainless steel Prods. Co., Ltd. v. Sun Mfg. Corp., 2004 WL 1773416,
at *4 (C.D. Cal. July 20, 2004) (finding no specific jurisdiction
where defendant maintained "purely informative" website and allowed
only "minimal" interaction between defendant and users).  Thus, in
Cybersell, the Ninth Circuit found no purposeful availment where the
defendant maintained a website advertising its construction services.
Cybersell, 130 F.3d at 419.  Although the website gathered users'
names and addresses and provided an e-mail address for people seeking

1    to do business with defendant, no business was actually conducted on

2    the website.  See id.  In fact, users were not even given the option

3    to sign up on-line for the defendant's service.  See id.

4        Between commercial and passive websites lie interactive websites,

5    which allow Internet users to exchange information with a host

6    computer.  See Cybersell, 130 F.3d at 418-19; Zippo, 952 F. Supp. at

7    1124.  To determine whether maintaining an interactive website

8    constitutes purposeful availment, courts look to the nature and

9    quality of the information exchanged over the website.  See Zippo, 952

10   F. Supp. at 1124 ("[T]he likelihood that personal jurisdiction can be

11   constitutionally exercised is directly proportionate to the nature and

12   quality of commercial activity that an entity conducts over the

13   Internet.").

14       Here, Defendant purposefully availed himself of the protections

15   and benefits of California through his commercial websites.  First,

16   Defendant actually conducts business over the websites.  Unlike the

17   website in Cybersell, which merely informed users of the company's

18   products, Defendant's websites allow users to pay subscription fees

19   for Defendant's products, namely, adult photographs.  Subscribers to

20   Defendant's website in California must first provide a credit card

21   number and other information and gain access to the adult content only

22   after the credit card is charged.  See Zada Decl. ¶¶ 13-14; Ex. 10.

23   Importantly, California residents' ability to purchase access to

24   content through Defendant's website is neither random nor fortuitous;

25   rather, it is the result of a conscious decision by Defendant to allow

26   California residents to purchase such access.  Moreover, Defendant

27   appears to use a California company to process the credit card

28   payments received from California users over the websites.  These

1   activities demonstrate Defendant's efforts to avail himself to the

2   protections and benefits of California.

3            **2.    Relationship Between Claim and Defendant's Forum-**
                     **Related Activities**

4

5        The Ninth Circuit applies a "but for" test to determine whether a

6   given cause of action arises out of the defendant's forum-related

7   activities.  See Bancroft, 223 F.3d at 1088.  In essence, the court

8   must ask whether the cause of action would exist but for the

9   defendant's contacts with the forum.  See id.

10       Here, Plaintiff's causes of action against Defendant arise

11  directly from Defendant's contacts with California.  Indeed, Plaintiff

12  alleges that Defendant sells, or offers to sell, infringing

13  photographs over Defendant's websites.  Accordingly, the claims

14  against Defendant would not exist but for Defendant's forum-related

15  activities.

16            **3.    Reasonableness of Exercising Jurisdiction**

17       The "reasonableness" prong of the specific jurisdiction analysis

18  requires that the Court's exercise of jurisdiction comport with

19  "'"fair and substantial justice."'"  Core-Vent Corp., 11 F.3d at 1487

20  (quoting Burger King Corp., 471 U.S. at 476-77).  "If the plaintiff

21  succeeds in satisfying both of the first two prongs [of the specific

22  jurisdiction analysis], the burden then shifts to the defendant to

23  'present a compelling case' that the exercise of jurisdiction would be

24  unreasonable."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797,

25  802 (9th Cir. 2004) (quoting Burger King, 471 U.S. at 476-78).

26       The Ninth Circuit evaluates seven factors in considering whether

27  the exercise of jurisdiction is reasonable: (1) the extent of the

28  defendant's purposeful interjection into the forum; (2) the burden on

1  the defendant of litigating in the forum; (3) the extent of conflict

2  with the sovereignty of the defendant's state; (4) the forum's

3  interest in adjudicating the dispute; (5) the most efficient judicial

4  resolution of the controversy; (6) the importance of the forum to the

5  plaintiff's interest in obtaining convenient and effective relief; and

6  (7) the existence of an alternative forum.  See Core-Vent Corp., 11

7  F.3d at 1487-88.  No one factor is dispositive.  See id. at 1488.

8  Instead, courts must balance all seven factors and determine whether

9  or not exercising jurisdiction is reasonable.  See id.

10      Upon examination of all of the factors, the Court concludes that

11  the balance in this case favors exercising jurisdiction over

12  Defendant.[3]

13          (i)   Extent of Purposeful Interjection

14      Under the law of this circuit, "'[e]ven if there is sufficient

15  'interjection' into the state to satisfy the [purposeful availment

16  prong], the degree of interjection is a factor to be weighed in

17  assessing the overall reasonableness of jurisdiction under the

18  [reasonableness prong].'"  Core-Vent Corp., 11 F.3d at 1488 (quoting

19  Insurance Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1271

20  (9th Cir. 1981).  "'[T]he smaller the element of purposeful

21  interjection, the less is jurisdiction to be anticipated and the less

22  reasonable is its exercise.'"  Id.

23      Here, the degree of interjection favors exercising jurisdiction.

24  As discussed above, Defendant's website allows users in California to

25  —————————————

26      [3]  Defendant argues unreasonableness based solely on the
    first, second, and fourth factors, namely, that Defendant has not
27  purposefully interjected himself into the forum; Defendant would
    be burdened if required to defend himself across the country in
28  California; and California has no particular interest in
    adjudicating the dispute.

1  purchase Defendant's photographs over the Internet.  Moreover,
2  Defendant appears to have entered into a contractual relationship with
3  a California company, Paycom Billing Services, to prcoess payments
4  from California subscribers to Defendant's website at
5  www.exposedcelebrity.com.  See Zada Decl., Ex. 10.  While these
6  activities may not approximate physical presence in California, they
7  nevertheless constitute sufficient injection into California, thus
8  making the Court's exercise of jurisdiction reasonable.

9          **(ii)   Burden on the Defendant**

10      This factor examines the burden to a non-resident defendant
11  forced to litigate in California.  See Ziegler, 64 F.3d at 475.
12  Inconvenience to a defendant will overcome clear justifications for
13  the exercise of jurisdiction only if the burden is so great that it
14  violates the defendant's right to due process.  Caruth v.
15  International Psychoanalytical Ass'n, 59 F.3d 126, 128-29 (citing Roth
16  v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).  Moreover, the
17  Ninth Circuit has recognized that "[m]odern means of communication and
18  transportation have tended to diminish the burdens of defense of a
19  lawsuit in a distant forum."  Insurance Co. of N. Am., 649 F.2d at
20  1271; Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.,
21  828 F.2d 1439, 1444 (9th Cir. 1987) ("The burden of litigating in a
22  foreign forum has become less significant as a result of advances in
23  communication and transportation.").

24      In this case, Defendant has not shown that litigating in
25  California would subject him to an undue burden.  While Defendant may
26  incur travel-related expenses, these costs hardly rise to the level of
27  a due process violation.  Moreover, much, if not most, of the
28  litigation will not require Defendant to travel to California.  These

1  facts, coupled with the well-recognized advances in modern

2  communication and transportation, minimize any burden that Defendant

3  might endure in defending this action in California.

4        **(iii)  Conflict With Sovereignty of Defendant's State**

5      This factor concerns the extent to which the Court's exercise of

6  jurisdiction in California would conflict with the sovereignty of

7  Defendant's state of residence.[4]  See <u>Core-Vent Corp.</u>, 11 F.3d at

8  1489.  Such a conflict is not a concern in this case because

9  Plaintiff's claims are primarily based on uniform federal law, namely

10  the Copyright Act, 17 U.S.C. § 501.  Thus, regardless of whether the

11  case is heard in California or Defendant's state of residence, the

12  applicable law will remain the same.  Although Plaintiff alleges one

13  state law right of publicity claim, Defendant does not contend that

14  the law governing this claim would conflict with the sovereignty of

15  Defendant's state of residence.

16        **(iv)  Forum State's Interest in Case**

17      A state generally has a "manifest interest" in providing its

18  residents with a convenient forum for redressing injuries by non-

19  resident actors.  <u>Burger King</u>, 471 U.S. at 473.  "California maintains

20  a strong interest in providing an effective means of redress for its

21  residents [who have been] tortiously injured."  <u>Caruth</u>, 59 F.3d at 129

22  (citations and internal quotations omitted).  Thus, because Plaintiff

23  is a California corporation, California has a strong interest in

24  providing Plaintiff redress for its alleged injury.  Moreover, the

25  allegedly infringing photographs are being offered for sale to

26  residents in California.  As such, this factor favors the exercise of

27  ──────────────

28      [4]  Plaintiff alleged that Defendant resides in Texas, while
Defendant asserts that he resides in New York.

1  jurisdiction.

2       **(v)   Most Efficient Judicial Resolution**

3       This factor calls for an evaluation of the efficiency of

4  alternate forums.  See Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc., 1

5  F.3d 848, 852 (9th Cir. 1993).  Generally, the most efficient forum

6  will be the forum in which the injury occurred and where the witnesses

7  and the evidence are likely to be located.  See id.; Terracom, 49 F.3d

8  at 561.

9       Here, this factor favors Plaintiff, albeit only slightly.  The

10 location of witnesses and evidence is largely neutral, as the parties'

11 witnesses and documents are presumably located in their respective

12 states.  The place of injury, however, favors Plaintiff.  Although

13 Defendant sells his allegedly infringing photographs in cyberspace,

14 the resulting injury occurs in California, as that is where Plaintiff

15 is incorporated and maintains its principal place of business.

16       **(vi) Importance of Forum to Plaintiff's Interest in
              Convenience and Effective Relief**

17

18       A plaintiff will almost always prefer to try a case at home or in

    the forum closest to home.  See Harris Rutsky & Co. Ins. Services,

19
    Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003).

20
    Indeed, the Ninth Circuit has observed that "'no doctorate in

21
    astrophysics is required to deduce that trying a case where one lives

22
    is almost always a plaintiff's preference.'"  Core-Vent Corp., 11 F.3d

23
    at 1490 (quoting Roth v. Garcia Marquez, 942 F.2d 617, 624 (9th Cir.

24
    1991).  Courts, therefore, do not give much weight to the plaintiff's

25
    convenience in determining whether exercising jurisdiction is

26
    reasonable.  See id.  Indeed, "[a] mere preference on the part of the

27
    plaintiff for its home forum does not affect the balancing."  Core-

28

14

1 | Vent Corp., 11 F.3d at 1490.

2 | Here, this factor, to the extent it is given any weight, favors

3 | exercising jurisdiction. While forcing Plaintiff to pursue this

4 | action in New York or Texas would subject Plaintiff to substantially

5 | higher litigation costs, the converse of this argument applies equally

6 | to Defendant. Accordingly, the Court gives this factor minimal

7 | consideration.

8 | **(vii)  Existence of an Alternative Forum**

9 | Although the plaintiff bears the burden of proving the

10 | unavailability of an alternative forum, the mere existence of an

11 | alternate forum does not render a court's exercise of jurisdiction

12 | unreasonable. See Core-Vent Corp., 11 F.3d at 1490. Here, an

13 | alternate forum exists. Consequently, the Court finds that this

14 | factor favors Defendant.

15 | Nevertheless, the overall balance of these seven factors favors a

16 | finding that exercising jurisdiction is reasonable in this case. Only

17 | one factor (the existence of an alternate forum) truly weighs against

18 | exercising jurisdiction. The remaining factors either weigh in favor

19 | of exercising jurisdiction or do not favor one side or the other.

20 | Given these circumstances, the Court cannot find that Defendant has

21 | met his burden to present a compelling case that exercising

22 | jurisdiction would be unreasonable.

23 | **IV.  CONCLUSION**

24 | For the foregoing reasons, the Court DENIES Defendant's motion to

25 | dismiss for lack of personal jurisdiction.

26 | **DATED:** _____March 23, 2005_____

27 | _____Audrey B Collins_____

28 | **AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**